UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

VINCENT WEST,

    Plaintiff,

v.                                              CASE NO. 8:15-cv-1606-T-23MAP

THUNDER BAY ENTERPRISES INC.,

    Defendant.
_____/

## **ORDER**

Vincent West, formerly a driver for Thunder Bay Enterprises Inc., "a transportation company supplying . . . construction products," sues (Doc. 1) for unpaid wages under the Fair Labor Standards Act (FLSA). Moving (Doc. 11) to dismiss, Thunder argues (1) that West accepted a settlement supervised by the Department of Labor, (2) that the complaint fails to establish unpaid wages, and (3) that the complaint fails to establish "interstate commerce," a requirement for coverage under the FLSA. West moves (Doc. 14) for an order conditionally certifying a class and "[p]rohibiting contact with any individual disclosed as a putative class member."

**1. Settlement**

An employee may accept the settlement of a claim under the FLSA if either the Department of Labor or a district court supervises the settlement. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982); *Dees v. Hydradry, Inc.*,

706 F. Supp. 2d 1227, 1235 (M.D. Fla. 2010). The motion to dismiss argues that this action is moot because West accepted a settlement supervised by the Department of Labor.[1] However, although West sues for unpaid wages accrued from June to October 2014, the motion argues a settlement of West's claim for unpaid wages accrued from August to September 2014. Therefore, even if West accepted the settlement, West's claim remains for June, July, and October 2014. *See Bright v. Mental Health Res. Ctr., Inc.*, 2012 WL 868804, at *4 (M.D. Fla. Mar. 14, 2012) (Dalton Jr., J.) ("Employers cannot use the settlement of FLSA claims to extract a general release of claims before paying over the wages.").

Further, the response to the motion to dismiss disputes "adequate supervision" by the Department of Labor. *See Niland v. Delta Recycling Corp.*, 377 F.3d 1244, 1248 (11th Cir. 2004). West declares that, although Thunder sent a check for $143.69, the check "did not have a letter attached or any explanation about what it was for." (Doc. 16-1 at 3) However, Bill Rosseau, Thunder's owner, declares that "[i]ncluded in the envelope [with the check] was the WH-58." (Doc. 24-1 at 3) "A WH-58 is a standard form used by the [Department of Labor] to inform an employee that,

---

[1] The motion states that, because West accepted a settlement, this action is "moot, there is no legally cognizable interest, and the plaintiff lacks standing." (Doc. 11 at 2) However, the motion "incorrectly conflate[s] . . . initial standing to bring suit with . . . postcommencement mootness." *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 174 (2000) (citations omitted). "Where a party challenges standing, the court inquires whether the plaintiff is entitled to relief. Where mootness is at issue, the court determines whether judicial activity remains necessary." *Sims v. Fla. Dep't of Highway Safety & Motor Vehicles*, 862 F.2d 1449, 1459 (11th Cir. 1989). By arguing that West deposited Thunder's check for unpaid wages after West commenced the suit, the motion argues that this action became moot, not that West lacks standing. Thunder "bears a heavy burden of demonstrating that his cessation of the challenged conduct renders the controversy moot." *Harrell v. The Florida Bar*, 608 F.3d 1241, 1265 (11th Cir. 2010) (quotation marks omitted).

although he has the right to file suit under [the FLSA], acceptance of the back wages offered will result in waiver of those rights." *Niland*, 377 F.3d at 1248.

Adequate supervision exists if either the Department of Labor or the employer sends with a check an explanation that depositing the check would waive the right to sue. *See Blackwell v. United Drywall Supply*, 362 Fed. Appx. 56, 58 (11th Cir. 2010) (per curiam) (affirming the district court's holding "that receipt of a WH-58 form and cashing of the employer's check is sufficient to effect a waiver of the right to sue under the FLSA"); *Niland*, 377 F.3d at 1247; *Sneed v. Sneed's Shipbuilding, Inc.*, 545 F.2d 537, 538–39 (5th Cir. 1977). Because of conflicting testimonies by West and Rosseau, a determination of whether Thunder sent this explanation with the check is premature.[2] Thus, a determination of whether the Department of Labor adequately supervised a settlement is premature. *See Harrell v. The Florida Bar*, 608 F.3d 1241, 1265 (11th Cir. 2010) ("[The movant] bears a heavy burden of demonstrating that his cessation of the challenged conduct renders the controversy moot.").

**2. Unpaid Wage**s

"[A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 663

---

[2] Further, although West's wife, not West, received and deposited the check, neither an affidavit by nor a deposition of West's wife appears on the docket. Finally, although Rosseau declares that Roberto Rivera, an investigator for the Department of Labor, "discussed the DOL findings with" West (Doc. 11-1 at 1), neither Rosseau nor West (nor Rivera) explains whether Rivera discussed the possibility of a settlement and the waiver of the right to sue.

(2009) (internal quotation marks omitted). The motion to dismiss argues that the complaint fails to state a claim under Section 207(a)(1) of the FLSA, which mandates compensation "for a workweek longer than forty hours" "at a rate not less than one and one-half times the regular rate." Specifically, the motion argues, "Plaintiff failed to set forth *any* facts whatsoever regarding the amount of hours worked or the amount he was paid." (Doc. 11 at 6)

Citing *Landers v. Quality Commc'ns, Inc.*, 771 F.3d 638, 645 (9th Cir. 2014) (Rawlinson, J.), the motion describes the optimal statement of a claim for "overtime wages":

> A plaintiff may establish a plausible claim by estimating the length of her average workweek during the applicable period and the average rate at which she was paid, the amount of overtime wages she believes she is owed, or any other facts that will permit the court to find plausibility.

(Doc. 11 at 6) However, *Landers*, 771 F.3d at 645, states that, "at a minimum, a plaintiff . . . must allege that she worked more than forty hours in a given workweek without being compensated for the hours worked in excess of forty during that week." *See Secretary of Labor v. Labbe*, 319 Fed. Appx. 761, 763 (11th Cir. 2008) (per curiam) ("[T]he requirements to state a claim of a FLSA violation are . . . simply a failure to pay overtime compensation and/or minimum wages to covered employees.").

The complaint alleges that Thunder "paid [West] and its other drivers a percentage of the price of the loads they transported." (Doc. 1 ¶ 2) Further, the complaint alleges that, although "West worked more than forty (40) hours during

- 4 -

one or more weeks of his employment," Thunder "did not pay [West] . . . a rate of one and one half times [his] hourly rate(s) for all hours worked in excess of forty." (Doc. 1 ¶¶ 4, 9) The complaint alleges facts sufficient to establish unpaid wages.

**3. Coverage**

Only "employees engaged in interstate commerce" may claim "overtime wages" under Section 207(a)(1) of the FLSA. Thus, the complaint attempts to allege enough "interstate commerce" to establish coverage under the FLSA but not enough "interstate commerce" to establish coverage under the Motor Carrier Act (MCA), which exempts employees from "overtime compensation provided for in the FLSA."[3] *Galbreath v. Gulf Oil Corp.*, 413 F.2d 941, 947 (5th Cir. 1969); *see Walters v. Am. Coach Lines Of Miami, Inc.*, 575 F.3d 1221, 1229 (11th Cir. 2009) ("The MCA and FLSA do not have identical conceptions of what constitutes interstate commerce."). The motion to dismiss argues that the complaint fails to establish coverage under the FLSA.

Although the motion never argues that the MCA applies, the response argues that "the Motor Carrier exemption does not apply." (Doc. 16 at 13) Also, the response argues that "the fact that Plaintiffs are not engaged in 'interstate commerce' as defined by the Motor Carrier Act does not preclude coverage under the FLSA." (Doc. 16 at 13) The response is correct in that the "MCA and FLSA do not have

---

[3] Section 213(b)(1) states, "The provisions of section 207 . . . shall not apply with respect to any employee with respect to whom the Secretary of Transportation has power to establish qualifications and maximum hours of service pursuant to the provisions of" the MCA.

identical [definitions] of what constitutes interstate commerce." *Walters*, 575 F.3d at 1229.  However, the limited allegations in the complaint fail to establish "interstate commerce" under either definition.[4]

"In order to be eligible for FLSA overtime . . . , an employee must . . . demonstrate that he is" "engaged in interstate commerce" in at least one of two ways. *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1298 (11th Cir. 2011).  "First, an employee may claim individual coverage if he regularly and directly participates in the actual movement of persons or things in . . . commerce. *Josendis*, 662 F.3d at 1298.  By alleging that "West's job duties were wholly intrastate in nature," the complaint fails to establish "individual coverage."[5]  (Doc. 1 ¶ 32)

"Second, an employee is subject to enterprise coverage if he is employed in an

---

[4] Explaining coverage under the MCA and coverage under the FLSA, 29 C.F.R. § 782.7 states:

> What constitutes such transportation in interstate or foreign commerce, sufficient to bring such an employee [under the Motor Carrier Act] is determined by definitions contained in the Motor Carrier Act itself. These definitions are, however, not identical with the definitions in the Fair Labor Standards Act which determine whether an employee is within the general coverage of the wage and hours provisions as an employee "engaged in (interstate or foreign) commerce." . . . To illustrate, employees of construction contractors are, within the meaning of the Fair Labor Standards Act, engaged in commerce where they operate or repair motor vehicles used in the maintenance, repair, or reconstruction of instrumentalities of interstate commerce (for example, highways over which goods and persons regularly move in interstate commerce). . . . [However, i]n order for the [Motor Carrier Act] exemption to apply, their activities, so far as interstate commerce is concerned, must relate directly to the transportation of materials moving in interstate or foreign commerce within the meaning of the Motor Carrier Act.

[5] Specifically, the complaint alleges (1) that "West's primary job included driving and delivering construction materials from locations within Florida to locations within Florida," (2) that "West never traveled out of state for his work with" Thunder, and (3) that "West was never expected to travel outside the state for his work with" Thunder. (Doc. 1 ¶¶ 31, 34, 35)

- 6 -

enterprise engaged in commerce or in the production of goods for commerce." *Josendis*, 662 F.3d at 1298–99.  By alleging that Thunder's "business is wholly intrastate in nature," the complaint fails to establish "enterprise coverage."[6]  (Doc. 1 ¶ 25)

A single statement in the complaint attempts to establish coverage under the FLSA — "In the three years preceding the filing of this lawsuit, [Thunder] employed two or more employees who are individually covered by the FLSA as they regularly used the channels of commerce in the performance of their duties."  (Doc. 1 ¶ 26)  *See McLeod v. Threlkeld*, 319 U.S. 491, 493–94 (1943) ("We have held that this clause [engaged in commerce] covered every employee in the 'channels of interstate commerce,' as distinguished from those who merely affected that commerce.").  However, this "formulaic recitation" of the requirements of coverage fails to establish "the grounds of [West's] entitlement to relief."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007) (quotation marks omitted); *see Burge v. Kings Realty Grp., LLC*, 2012 WL 4356815, at *4 (M.D. Fla. Sept. 24, 2012) (Covington, J.) ("[E]xtensive, detailed pleading is not required in the context of an FLSA claim.  However, [the complaint] . . . constitutes little more than a formulaic recitation of the elements of a cause of action."); *Rushton v. Eye Consultants of Bonita Springs*, 2011 WL 2601245, at *2 (M.D. Fla. June 30, 2011) (Steele, J.).

---

[6] Specifically, the complaint alleges (1) that Thunder "is a transportation company supplying dirt, soil and other construction products throughout Florida" and (2) that Thunder "works directly with builders and general contractors to supply and deliver goods and materials to clients within Florida." (Doc. 1 ¶¶ 17, 18)

**CONCLUSION**

Thunder's motion to dismiss argues that this action is "moot" because West accepted a settlement of a portion of West's claim. However, because a determination of whether the Department of Labor adequately supervised the settlement is premature, Thunder's motion (Doc. 11) to dismiss is **DENIED WITHOUT PREJUDICE**. Thunder's motion (Doc. 11) to dismiss based on a failure to establish unpaid wages is **DENIED**. Thunder's motion (Doc. 11) to dismiss based on a failure to establish coverage under the FLSA is **GRANTED**. No later than **OCTOBER 23, 2015**, West may amend the complaint. West's motion (Doc. 14) "for conditional certification and facilitation of corrective notice" is **DENIED WITHOUT PREJUDICE**.

ORDERED in Tampa, Florida, on October 13, 2015.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE